AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| OSCAR SANCHEZ, on behalf of himself and on behalf of all other similarly situated persons,<br><br>*Plaintiff(s)*<br><br>v.<br><br>EL BARRIO'S CAR SERVICE, INC; NEW EASY WAY RADIO DISPATCH, LLC, JOSE ALTAMRINO, GERMANIA ALTAMRINO, AND EAST RIVER PLAZA LLC,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 19-8724 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* EL Barrio's Car Service LLC 218 E 116th Street New York, NY 10029
New Easy Way Radio Dispatch, Inc 220 E 116 Street New York, NY 10029
Jose Altamirano 220 E 116th St New York, NY 10029
Germania Altamirano 220 E 116th St New York, NY 10029
East River Plaza LLC C/O Rafael E. Baez 72-21 Dane Place
Forest Hills, NY 11375

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Elisa Gilbert, Esq.
The Gilbert Firm, P.C.
325 East 57th Street 1B
New York, NY 10022

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                         _____
                                                                    *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OSCAR SANCHEZ, on behalf of himself and on behalf of all          Civil Action No. 19-8724
other similarly situated persons,

                  Plaintiff,          **COMPLAINT**

              -against-

EL BARRIO'S CAR SERVICE, INC; NEW EASY WAY
RADIO DISPATCH, LLC, JOSE ALTAMRINO, GERMANIA
ALTAMRINO, AND EAST RIVER PLAZA LLC,

              Defendants.
-----------------------------------------------------------------------X

      Plaintiff Oscar Sanchez ("Plaintiff O. Sanchez" or "Mr. Sanchez") on behalf of himself and

on behalf of all other similarly situated persons, by and through counsel, The Gilbert Firm, P.C.

hereby allege as follows:

## NATURE OF THE CLAIMS

1.    Plaintiff bring this action, on behalf of himself and on behalf of all other similarly situated

persons, to recover (a) overtime and minimum wages which Defendants failed to pay in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *el seq,,* and the New York Labor Law

("NYLL"), §650 *et seq.\* (b) wages earned in accordance with the agreed terms of employment

which Defendants failed to pay in violation of NYLL §191 *et seq\* (c)*;* and (d) unpaid spread-of-

hours wages in violation New York Labor Law ("NYLL"), §650 *et seq*.

2.    Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C,

§216(b), on behalf of himself and on behalf of all other similarly-situated persons who were/are

employed by Defendant in the State of New York as "Dispatchers/loaders" and/or in similar

positions who were/are not paid the prevailing minimum wage for all hours worked and overtime

at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of July 2013 to December 22, 2018 and or to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      The FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.  Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants in the State of New York as "Dispatchers/loaders" and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, their wages earned in accordance with their agreed terms of employment, and whose wages were unlawfully deducted and unlawfully unpaid spread-of-hours for the period of July 2013 to December 22, 2018 and/or to the date of the final disposition of this action (the "NYLL Class Period"). Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "NYLL Class."

4.      The NYLL Class are similarly situated because, during the NYLL Class Period, they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half time their regular rate of pay for all hours worked in excess of 40 hours per week, wages earned in accordance with their agreed terms of employment, and of failing to pay plaintiffs' their duly earned spread

2

of hours pay.

## JURISDICTION AND VENUE

5.    Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon a common nucleus of the same operative facts, specifically Articles 6 & 19 of the Labor Law.

6.    Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants' reside within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## PARTIES AND FACTUAL ALLEGATIONS

7.    Plaintiff Sanchez is an adult resident of the State and City of New York and had been employed by Defendants from approximately July 2013 through December 22, 2018. At all relevant times, he was an "employee" within the meaning of all applicable statutes.

8.    Defendant El Barrio's Car Service, LLC (El Barrio's) is a dispatch transportation service and is a New York corporation with a principal place of business at 218 East 116th Street, New York, New York, 10029. Defendant El Barrio's operates a car service for East River Plaza, LLC (East River). At all relevant times, El Barrio's was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

9.    Defendant Germania Altamirano (GA) is an owner of El Barrio's and controls the operations and determines the policies and practices of El Barrio's, including, but not limited to,

how employees are compensated. GA was and remains an "employer" within the meaning of all applicable statutes.

10.     Defendant Jose Altamirano (JA) is an owner of El Barrio's and controls the operations and determines the policies and practices of El Barrio's, including, but not limited to, how employees are compensated. JA was and remains an "employer" within the meaning of all applicable statutes.

11.     Defendant New Easy Way Radio Dispatch, Inc, LLC (New Easy) is a dispatch transportation service and is a New York corporation with a principal place of business at 220 East 116th Street, New York, New York, 10029. Upon information and belief New Easy and El Barrio together operate the transportation service at East River in New York. At all relevant times, New Easy was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

12.     Upon information and belief, New Easy and El Barrio are alter egos of one another, or constitute or otherwise constitute a unified operation.

13.     Defendant GA is an owner of New Easy and controls the operations and determines the policies and practices of New Easy, including, but not limited to, how employees are compensated. GA was and remains an "employer" within the meaning of all applicable statutes.

13.     Defendant JA is an owner of New Easy and controls the operations and determines the policies and practices of New Easy, including, but not limited to, how employees are compensated. JA was and remains an "employer" within the meaning of all applicable statutes.

14.     Defendant East River owns and operates the self-professed "Most Convenient Shopping" center in Manhattan boasting 1000+ Parking Spots and taxi service located on its first level "El Barrio". The East River website contains a "button" on its home page that directs viewers to book

4

an El Barrio car. East River is a New York corporation with a principal place of business at 517 East 117th Street, New York, New York, 10029.

15.   At all relevant times, Plaintiff worked in the East River parking facility and, depending on the time of day, serviced the patrons of East River's tenants primarily: *The Costco Warehouse* and *Target*.

16.   El Barrio's is a car transportation service that operates to provide transportation, to customers of the tenants of East River. El Barrio does not hold itself out as a taxicab company; rather, on its website, El Barrio described the company as an Executive Car Service and dispatch base.

17.   Upon information and belief, defendant El Barrio derived the significant portion of its gross earnings from its financial arrangement with East River.

18.   East River was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

19.   Plaintiff reported to work daily at the East River location and performed all his employment related tasks dispatching cars and loading customer's purchases into vehicles in East River's garage.

20.   In or around July 2013, Mr. SANCHEZ commenced his employment with Defendants as a Dispatcher and Loader at East River Plaza located in New York City, New York. While working for Defendant, Plaintiff Sanchez dispatched vehicles to transport shoppers and their purchased items from tenants: Costco Wholesale Warehouse and Target. Costco and Target are anchor tenants at East River. Mr. Sanchez was also required to load customers purchased items into their

dispatched vehicles.

21. Mr. Sanchez hours were daily from 11:00 am to 12:00pm five days a week. Typically, his work week was Monday to Friday. However, the five days of the week he worked varied throughout the course of his employment.

22. His shift required that each day he first dispatched vehicles and loaded customers purchases in the East River parking garage on the Costco level of East River. After Costco's hours of operation, Plaintiff's employment required that he go to another level of East River and dispatch vehicles and load customers and at the Target shop.

23. During the FLSA Collective Period and the NYLL Class Period, Plaintiff and the members of the FLSA Collective and the NYLL Class plaintiff was not permitted to exercise discretion over his time or the locations he was required to dispatch and load.

24. During the FLSA Collective Period and the NYLL Class Period, Plaintiff's responsibility included dispatching vehicles and loading purchased items into the vehicles.

25. Plaintiff was paid two hundred fifty dollars ($250) per week for forty hours of work. Unlawfully, he was told that the additional 15 hours per week were deemed paid by any tips he might have received from store patrons.

26. El Barrio and its named owners exerted control over the means and methods of plaintiff's work. For instance, El Barrio had the authority to hire, fire and discipline its dispatchers and loaders. El Barrio also set and adjusted regular weekly schedules for its dispatchers and loaders.

27. New Easy and its named owners exerted control over the means and methods of plaintiff's work. Upon information and belief New Easy and El Barrio together had the authority to hire, fire and discipline its dispatchers and loaders. New Easy also set and adjusted regular weekly schedules for its dispatchers and loaders.

6

28.     Defendant East River owns and operates the self-professed "Most Convenient Shopping" center in Manhattan boasting 1000+ Parking Spots and taxi service located on its first level "El Barrio". The East River website contains a "button" on its home page that directs viewers to book an El Barrio car.  East River is a New York corporation with a principal place of business at 517 East 117th Street, New York, New York, 10029.

29.     At all relevant times, Plaintiff worked in the East River parking facility and, depending on the time of day, serviced the patrons of East River's tenants primarily: *The Costco Warehouse* and *Target*.

30.     Plaintiff reported to work daily at the East River location and performed all his employment related tasks dispatching cars and loading customer's purchases into vehicles in East River's garage.

31.     Defendant East River exercised functional control over Plaintiff's work.

32.     Plaintiff is aware of similarly situated employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

34.     Plaintiffs brings their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants in New York as Drivers and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of one and one- half time their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

35.     The basic job duties of the FLSA Collective were/are the same as or substantially like

7

those of Plaintiffs, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

36.     The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

37.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

38.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked.

39.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs overtime at a rate of one and one- half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

40.     Defendants' violations of the statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

41.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage and overtime wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

42.     While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at other similarly situated persons who were/are

employed by Defendants in New York as dispatchers/loaders and/or in similar positions during the FLSA Collective Period.

43.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in New York as dispatchers and loaders and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

44.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendants in the state of New York as dispatchers and loaders and/or in like positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek, and spread of hours pay.

46.     The basic job duties of the NYLL Class were/are the same as or substantially like those of Plaintiffs, and the NYLL Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

47.     The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-halftimes their regular rate of pay for all hours worked

9

in excess of 40 hours per workweek, and spread of hours pay.

48. During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

49. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the NYLL Class and Plaintiffs the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

50. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

51. As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum wage, overtime wages, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

52. Certification of the NYLL. Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class. Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendants.

10

53.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these

questions are:

   (a)   Whether Defendants failed to pay Plaintiff and the NYLL Class the
         prevailing minimum wage for all hours worked during the NYLL Class
         Period;

   (b)   Whether Defendants failed to pay Plaintiff and the NYLL Class overtime at
         a rate of one and one-half times their regular rate of pay for all hours
         worked in excess of 40 hours per workweek during the NYLL Class Period;

   (c)   Whether Defendants' failure to pay the prevailing minimum wage to
         Plaintiff and the NYLL Class constitutes a violation of NYLL §650 *et seq.:*

   (d)   Whether Defendants' failure to pay overtime to Plaintiff and the NYLL
         Class constitutes a violation of NYLL §650 *et seq.*;

   (e)   Whether Defendants' failure to pay spread of hours pay constitutes a
         violation of NYLL §650 *et seq*

54     These common questions of law and fact arise from the same course of events, and each
class member will make similar legal and factual arguments to prove liability.

55.     Plaintiff is a member of the NYLL Class that he seeks to represent. Plaintiff's claims are
typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and
practices complained of herein are also typical of the relief which is sought on behalf of the NYLL
Class.

56.     Plaintiff's interests are co-extensive with those of the NYLL Class that they seek to
represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to
vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who
is qualified and experienced in employment class action litigation, and who is able to meet the
time and fiscal demands necessary to litigate a class action of this size and complexity. The
combined interests, experience and resources of Plaintiff and their counsel to litigate the individual
and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of
Fed. R. Civ. P. 23(a)(4).

57.     Defendants have acted or refused to act on grounds generally applicable to the NYLL

11

Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

58.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and nonmonetary remedies to be determined at a later stage of the proceedings.

59.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

60.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

61.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

62.     The NYLL Class is so numerous that joinder of all members is impracticable. However, the exact number of the NYLL Class is unknown to Plaintiffs at the present time.

63.     Plaintiff is currently unaware of the identities of the NYLL Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in the state of New York as dispatchers and/or loaders in similar positions during the NYLL Class Period,

12

along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST FLSA CLAIM AGAINST ALL DEFENDANTS
## (MINIMUM WAGE)

61. Plaintiff incorporates all preceding paragraphs of this complaint as if fully set forth at length.

62. Defendants intentionally, knowingly, willfully and in bad faith violated Plaintiff, and similarly situated employees' rights under 29 U.S.C. § 206 by failing to pay the proper minimum wage as required by law.

63. By virtue of the foregoing Plaintiff and other similarly situated employees have suffered damages compensable under all relevant statutes and regulations.

## SECOND FLSA CLAIM AGAINST ALL DEFENDANTS
## (OVERTIME)

64. Plaintiff incorporates all preceding paragraphs of this complaint as if fully set forth at length.

65. Defendants intentionally, knowingly, willfully and in bad faith violated Plaintiff, and similarly situated employees' rights under 29 U.S.C. § 207 by failing to pay overtime at a premium rate of one- and one-half times their regular rate of pay.

66. By virtue of the foregoing Plaintiff and other similarly situated employees have suffered damages compensable under all relevant statutes and regulations.

13

## THIRD NYLL CLAIM AGAINST ALL DEFENDANTS
## (MINIMUM WAGE/WAGE THEFT PREVENTION ACT)

67.   Plaintiff incorporates all preceding paragraphs of this complaint as if fully set forth at length.

68.   Defendants intentionally, knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff, and similarly situated employees, overtime pay at a premium rate of at least one- and one-half times their regular rate of pay.

69.   Defendants intentionally, knowingly, willfully and in bad faith violated Plaintiff, and similarly situated employees', rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a).

70.   By virtue of the foregoing Plaintiff and other similarly situated employees have suffered damages compensable under all relevant statutes and regulations.

## FOURTH NYLL CLAIM AGAINST ALL DEFENDANTS
## (OVERTIME/WAGE THEFT PREVENTION ACT)

71.   Plaintiff incorporates all preceding paragraphs of this complaint as if fully set forth at length.

72.   Defendants intentionally, knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff overtime pay at a premium rate of at least one- and one-half times their regular rate of pay.

14

73.   Defendants intentionally, knowingly, willfully and in bad faith violated Plaintiff, and similarly situated employees', rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a)

74.   By virtue of the foregoing Plaintiff and other similarly situated employees have suffered damages compensable under all relevant statutes and regulations.

## FIFTH NYLL CLAIM AGAINST ALL DEFENDANTS
## (SPREAD OF HOURS/ WAGE THEFT PREVENTION ACT)

75.   Plaintiff incorporates all preceding paragraphs of this complaint as if fully set forth at length.

76.   Defendants intentionally, knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff, and similarly situated employees', his spread-of-hours premium for each workday that exceeded 10 hours.

77.   Defendants intentionally, knowingly, willfully and in bad faith violated Plaintiff, and similarly situated employees', rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a).

78.   By virtue of the foregoing Plaintiff and other similarly situated employees have suffered damages compensable under all relevant statutes and regulations.

**WHEREFORE**, Plaintiff on behalf of himself, the FLSA Collective and the NYLL Class, respectfully requests that this Court:

A.   Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.   Declare this action to be maintainable as a collective action pursuant to 29

15

U.S.C. §216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in New York as dispatchers/loaders and/or in similar positions during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages;

E. Determine that the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA are willful and/or without a good faith basis;

F. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in the state of New York as dispatchers/loaders and/or in similar positions during the NYLL Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G. Designate Plaintiff as representatives of their class, and their counsel of record as class counsel;

H. Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post judgment interest as may be allowed by law;

I. Determine that the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations are willful and/or without a good faith basis;

16

J.  Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL;

K.  Award Plaintiffs, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

L.  Grant Plaintiffs, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff(s) reserve(s) the right to amend and/or supplement the responses up to and including the time of trial.

Dated:          New York, New York
                September 19, 2019

                                    Yours, etc.


                                    Elisa Gilbert, Esq
                                    The Gilbert Firm, P.C.
                                    *Attorneys for Plaintiff*
                                    **Oscar Sanchez**
                                    325 East 57th Street
                                    New York, NY 10022
                                    (212) 286-8503


To:
**El Barrio's Car Service LLC**
*Defendants*
218 East 116th Street
New York, NY 10029


17

To:
**New Easy Way Radio Dispatch, Inc**
*Defendants*
220 E 116 Street
New York, NY 10029

To:
**Jose Altamirano**
220 E 116th St
New York, NY 10029

To:
**Germania Altamirano**
220 E 116th St
New York, NY 10029

To:
**East River Plaza LLC**
C/O Rafael E. Baez
72-21 Dane Place
Forest Hills, NY 11375