USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Oscar Sanchez,**

**Plaintiff,**

**-against-**

**El Barrio's Car Service, Inc. et al.,**

**Defendants.**

**1:19-cv-08724 (GBD) (SDA)**

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:**

On October 3, 2022, the Court entered a default judgment in this wage-and-hour suit brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in favor of Plaintiff Oscar Sanchez ("Plaintiff" or "Sanchez") and against Defendants El Barrio's Car Service, LLC ("EBCS"); New Easy Way Radio Dispatch, Inc. ("NEWRD"); and two individual defendants, Germania Altamirano and Jose Altamirano (the "Altamiranos") (collectively, the "Defendants"). (Default Judg., ECF No. 66.) Also on October 3, 2022, this case was referred to me for an inquest on damages. (Order of Ref., ECF No. 67.)

For the reasons set forth below, I respectfully recommend that the Court enter judgment against Defendants set forth in the Conclusion below.

## BACKGROUND FACTS[1]

EBCS is a dispatch transportation service with a principal place of business at 218 East 116th Street, New York, New York, 10029. (Am. Compl., ECF No. 17, ¶ 8.) NEWRD is a dispatch

[1] In light of Defendants' default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

transportation service with a principal place of business at 220 East 116th Street. New York, New York 10029. (*Id*. ¶ 11.) EBCS and NEWRD constitute a unified operation. (*Id*. ¶ 12.) Each of the Altamiranos is an owner of both EBCS and NEWRD who controls the operations and determines the policies and practices of those entities, including, but not limited to how employees are compensated. (*Id*. ¶¶ 9-10, 13-14.)

Sanchez was employed by Defendants from approximately July 2013 through December 22, 2018. (Am. Compl. ¶¶ 7-11, 13-14.) His job was to dispatch cabs to patrons of a shopping mall named East River Plaza located at East 117th Street in New York City, and to assist patrons with loading shopping bags into company vehicles. (*Id*. ¶¶ 16, 20-21; Sanchez Aff., ECF No. 69-2, ¶ 2.)

Sanchez's hours were daily from 11:00 a.m. to 12:00 a.m. five days a week, and his work week was Monday to Friday.[2] (Am. Compl. ¶ 22; Sanchez Aff. ¶ 3.) However, the five days of the week he worked varied throughout the course of his employment. (Am. Compl. ¶ 22.) Sanchez was paid two hundred fifty dollars ($250.00) per week in cash for forty hours of work, and he was told that the additional 15 hours per week were deemed paid by any tips he might have received from store patrons. (*Id*. ¶ 26; Sanchez Aff. ¶ 4.) He never received any tax forms or pay stubs. (Sanchez Aff. ¶ 4.)

[2] Both the Amended Complaint and the Sanchez Affidavit state that Sanchez's daily hours were "11:00 am to 12:00pm" (Am. Compl. ¶ 22; Sanchez Aff. ¶ 3), but it is clear from the context of the allegations and from other parts of Plaintiff's submissions that Sanchez claims to have worked eleven hours per day, not one hour per day and that Sanchez's asserted hours actually were from 11:00 a.m. to midnight. (*See*, *e.g*., Pl.'s Am. FOF, ECF No. 71, ¶ 8 ("plaintiff worked Monday to Friday from 11:00am to 12:00 am").)

## DISCUSSION

### I. Burden Of Proof

Since a default judgment has been entered in Plaintiff's favor, the only remaining issue is the amount of damages to which he is entitled. Plaintiff bears the burden of establishing his entitlement to recovery and thus must substantiate his claims with evidence to prove the extent of his damages. *See*, *e.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992).

Although the Court may hold a hearing to assess damages, a hearing is not required when a sufficient basis on which to make a calculation exists. *See* Fed. R. Civ. P. 55(b)(2); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co*., 951 F.2d 504, 508 (2d Cir. 1991)). Indeed, the Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted). Here, I rely on Plaintiff's inquest-related submissions, which contain a sufficient evidentiary basis to determine Plaintiff's damages.

An employee seeking to recover unpaid wages has the burden of proving that he performed work for which he was not properly compensated. *See Angamarca v. Pita Grill 7 Inc*., No. 11-CV-07777 (JGK) (JLC), 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . .." 29 U.S.C. § 211(c); *see*

*also* 12 N.Y. Compilation Codes R. & Regs. ("NYCRR") § 146-2.1. Absent such documentation, an employee may establish his right by relying on his recollection alone. An affidavit or declaration that sets forth the number of hours worked is sufficient. *See Angamarca*, 2012 WL 3578781, at *3.

Once an employee has presented his evidence, an employer then may "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Angamarca*, 2012 WL 3578781, at *4 (internal citations and quotations omitted). "If the employer fails to do so, the court may enter judgment in the employee's favor, using her recollection to determine damages, even though the result be only approximate." *Id.* Because Defendants have defaulted, Plaintiff's representations as to the dates and hours he worked will be credited and his damages will be calculated on that basis.[3]

## II. Unpaid Minimum And Overtime Wages And Spread-Of-Hours Pay[4]

### A. Legal Standards

State and federal law require employers to pay to employees at least a minimum hourly rate for every hour they work. *See* 29 U.S.C. § 206(a); 12 NYCRR § 146-1.2. Plaintiff may not recover under both the NYLL and the FLSA for the same injury, but he is entitled to recover damages under the statute that provides him the greatest relief. *See Angamarca*, 2012 WL

[3] The Court notes that Defendants made no submissions in response to Plaintiff's Proposed Findings of Fact and Conclusions of Law, and that the deadline for Defendants to file any such submissions has passed. (*See* 10/4/22 Order, ECF No. 68.)

[4] Plaintiff asserts claims under both the NYLL and the FLSA. The statute of limitations under the NYLL is six years. *See* NYLL § 663(3). This action was filed on September 19, 2019. Thus, Plaintiff may recover damages for the period commencing September 19, 2013.

3578781, at *4. Here, New York's minimum wage during the relevant period was greater than the minimum wage under federal law. Thus, the New York minimum wage will be applied. The relevant minimum wage (*see* Pl.'s Am. FOF ¶ 15) under the NYLL was $7.15 on and after January 1, 2007; $8.00 on and after December 31, 2013; $8.75 on and after December 31, 2014; $9.00 on and after December 31, 2015; $10.50 on and after December 31, 2016; $12.00 on and after December 31, 2017; and $13.50 on and after December 31, 2018. *See* N.Y. Lab. Law § 652(a).[5]

Under the FLSA, employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours in a week. *See* 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular rate for each hour over forty hours worked in a week. *See* 12 NYCRR § 142-2.2. In cases where the regular rate is less than minimum wage, overtime is calculated by multiplying the statutory minimum wage by 1.5. *See Baltierra v. Advantage Pest Control Co*., No. 14-CV-05917 (AJP), 2015 WL 5474093, at *5 (S.D.N.Y. Sept. 18, 2015).

Under New York law, employees also are entitled to receive "spread-of-hours" compensation, equaling an extra hour's pay at the regular minimum wage for each day they work more than ten hours. *See* 12 NYCRR § 146-1.6; *see also Angamarca*, 2012 WL 3578781, at *6. Because Defendants failed to pay Plaintiff any spread-of-hours compensation, he is entitled to reimbursement for the days he worked in excess of ten hours.

[5] Because Defendants never advised Plaintiff that he would be paid less than the minimum wage as a result of receiving tips, Defendants are not entitled to a "tip credit" against their obligation to pay Plaintiff the full applicable minimum wage. *See* 29 U.S.C. § 203(m); 12 NYCRR § 146-1.3; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287-91 (S.D.N.Y. 2011).

**B. Plaintiff's Minimum And Overtime Wages And Spread-Of-Hours Pay**

Throughout his employment with Defendant, Plaintiff was not paid the minimum wage. Moreover, he was not paid overtime at the rate of one-and-a-half times his regular rate, which in this case was the statutory minimum wage. Rather, as set forth above, Plaintiff received a fixed weekly rate throughout his employment with Defendants that did not vary depending on whether he had worked in excess of forty hours in a given week.

Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that their salary covers 40 hours worked. *See Cabrera v. New York Fresh Meat Inc.*, No. 15-CV-01325 (JGK) (SDA), 2018 WL 3300647, at *6 (S.D.N.Y. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 2192187 (S.D.N.Y. May 14, 2018). Similarly, under the NYLL, courts calculate the regular rate for an employee in the hospitality industry who is not paid on an hourly basis "by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by the employee during the work week." 12 NYCRR § 146-3.5(b). Thus, here, the Court presumes that Plaintiff was paid $6.25 per hour (*i.e.*, $250.00 divided by 40).

Plaintiff submitted to the Court calculations of the amounts of minimum and overtime wages, as well as spread-of-hours pay, that Plaintiff contends are due to him. (*See* Pl.'s Am. FOF ¶¶ 16-17, 19-22.) The Court finds the calculations set forth in Plaintiff's Amended Findings of Fact to be sound.[6] Accordingly, Plaintiff is entitled to the sum of $35,900.00 in minimum wages, $58,870.65 in overtime wages and $13,081.25 in spread-of-hours pay, for a total of $107,851.90.

[6] The calculations contained in Plaintiff's initial Findings of Fact (*see* Pl.'s FOF, ECF No. 69, ¶¶ 16-17, 19-21) were incorrect. By Order dated December 4, 2022, the Court directed Plaintiff to submit revised,

## III. Liquidated Damages

Plaintiff is entitled to liquidated damages under both the FLSA and the NYLL, but not both. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). The NYLL entitles Plaintiff to liquidated damages since Defendants' wage violations were "willful." NYLL §§ 198(1-a), 663(1). NYLL § 663(1) provides that Plaintiff is entitled to "liquidated damages equal to one hundred percent of the total of such underpayments found to be due." Plaintiff is entitled to liquidated damages on the total amounts of unpaid minimum and overtime wages and spread-of-hours pay under the NYLL in an amount equaling 100% of the total amount due. Thus, the Court finds that Plaintiff is entitled to liquidated damages under the NYLL in the amount set forth above, *i.e.*, $107,851.90.

## IV. Pre-Judgment Interest

Plaintiff seeks pre-judgment interest on his NYLL claims. Plaintiff is entitled under New York law to pre-judgment interest at the statutory rate of 9% per year. *See* N.Y. C.P.L.R. §§ 5001, 5004. Pre-judgment interest applies only to the amount of compensatory damages and excludes the amount of liquidated damages. *See Angamarca*, 2012 WL 3578781, at *9. Where unpaid wages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). I recommend that pre-judgment interest be calculated by applying the statutory interest rate to the entire principal amount due under the NYLL, beginning on such an "intermediate date" and running up until and including the date judgment is entered. *See Angamarca*, 2012 WL 3578781, at *9.

---

corrected calculations (*see* 12/4/22 Order, ECF No. 70), which are contained in Plaintiff's Amended Findings of Fact.

Plaintiff was employed by Defendants from approximately July 2013 through December 22, 2018 (Am. Compl. ¶¶ 7-11, 13-14), but Plaintiff only may recover damages for the period commencing September 19, 2013. (*See* footnote 4, *supra*.) Therefore, I recommend that pre-judgment interest start to run on the reasonable intermediate date of May 6, 2016 (*i.e.*, the median date between September 19, 2013 and December 22, 2018) on the sum of $107,851.90 (*i.e.*, the amount of unpaid wages, unpaid overtime and unpaid spread-of-hours payments). Pre-judgment interest should be calculated up to the date of the entry of judgment.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that the Court enter judgment in favor of the Plaintiff against Defendants in the amount of $215,703.80 (consisting of $107,851.90 in unpaid minimum wages, overtime wages and spread-of-hours pay and $107,851.90 in liquidated damages). I further recommend that pre-judgment interest should be awarded as set forth in Discussion Section IV above.

No later than December 16, 2022, Plaintiff's counsel shall mail copies of this Report and Recommendation to Defendants and promptly thereafter shall file proof of service.

Dated: New York, New York
December 14, 2022

Stewart d. Aaron
______________________________
**STEWART D. AARON**
**United States Magistrate Judge**

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).