UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

OSCAR SANCHEZ, *individually and on behalf of others similarly situated*,

       Plaintiff,

 -against-

EL BARRIO'S CAR SERVICE, INC., NEW EASY WAY RADIO DISPATCH, INC., GERMANIA ALTAMIRANO, and JOSE ALTAMIRANO,

       Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 8724 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

 Plaintiff Oscar Sanchez brought this action against Defendants El Barrio's Car Service, New Easy Way Radio Dispatch, Germania Altamirano, and Jose Altamirano seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201(d) *et seq.* and the New York Labor Law §§ 191 *et seq.* and 650 *et seq.* (Am. Compl., ECF No. 17.) On October 3, 2022, this Court awarded Plaintiff a default judgment against Defendants, (ECF No. 66), and referred the matter to Magistrate Judge Stewart D. Aaron for an inquest on damages, (ECF No. 67).

 Before this Court is Magistrate Judge Aaron's December 14, 2022 Report and Recommendation (the "Report"), recommending that this Court award Plaintiff $107,851.90 for unpaid wages, unpaid overtime compensation, and spread-of-hours pay, $107,851.90 in liquidated damages, and pre-judgment interest. (Report, ECF No. 72, at 6–7.) Magistrate Judge Aaron further recommended that the pre-judgment interest be calculated by applying the statutory interest rate to the entire principal amount due, *i.e.*, $107,851.90, and that the interest start to run on May 6, 2016. (*Id.* at 7–8.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 9.) No objections were filed.

1

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Those portions of a magistrate judge's report to which no objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Magistrate Judge Aaron conducted a comprehensive and careful inquest. This Court finds no error, clear or otherwise, in the Report's analysis. Accordingly, Magistrate Judge Aaron's recommended judgment regarding damages and interest is ADOPTED in full for the reasons stated in the Report. Final judgment shall be entered ordering Defendants to pay Plaintiff: (1) $107,851.90 for unpaid wages, unpaid overtime compensation, and spread-of-hours pay; (2) $107,851.90 in liquidated damages; and (3) pre-judgment interest at the statutory rate on the amount of $107,851.90, to be calculated beginning May 6, 2016.

The Clerk of Court is directed to enter judgment and close this action.

Dated: APR 25 2023
New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge